IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOWARD BROWN, | : | CIVIL ACTION NO. **3:CV-12-0999** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| MONROE COUNTY COURT OF COMMON PLEAS, | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

On May 29, 2012, Plaintiff Howard Brown, who is currently an inmate at the Monroe County Correctional Facility ("MCCF"), Stroudsburg, Pennsylvania, filed, *pro se*, a civil rights action with this Court pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff attached no exhibits to his Complaint. Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 4).

In his 2-page handwritten Complaint, Plaintiff names as the sole Defendant the Monroe County Court of Common Pleas. (Doc. 1, p. 1). Plaintiff complains about alleged "speedy trial violations protected by the United States Constitution and the Constitution of Pennsylvania" regarding his criminal case pending in the Monroe County Court of Common Pleas, *Com. of PA v. Howard Anthony Brown*, CP-45-CR-0000060-2012. (*Id.*).[1]   Plaintiff states that he has been

---

[1] We have obtained a copy of Plaintiff's Monroe County Criminal Docket for case number CP-45-CR-0000060-2012 at http://ujsportal.pacourts.us/. We take judicial notice of Plaintiff's Monroe County Criminal Docket, CP-45-CR-0000060-2012, since it is a state court record. *See Gillette v. Cameron*, 2012 WL 928606, *1, n. 1 (M.D. Pa. 3-19-12).

incarcerated at MCCF, for over six months, since November 9, 2011, without having his criminal trial and that the Monroe County Court of Common Pleas is violating PA Rule of Criminal Procedure 600 by incarcerating him for over 180 days without his conducting his trial. (Doc. 1, p. 2).

Plaintiff filed a Motion to Proceed *in forma pauperis* (Doc. 4) with respect to his instant case and, we find that the Court should grant Plaintiff's Motion to Proceed *in forma pauperis* and shall so recommend. We now screen Plaintiff's Complaint as we are obliged to do.

To the extent Plaintiff's case is a civil rights Complaint pursuant to 42 U.S.C. §1983 claiming a violation of his constitutional rights, this Court has subject matter jurisdiction over Plaintiff's case under 28 U.S.C. §1331 and §1343(a).

We have been assigned Plaintiff's case for pre-trial matters.

**II. Screening of *Pro Se* Complaints–Standard of Review.**

As stated, Plaintiff filed a Motion to Proceed *in forma pauperis* in this civil rights case. (Doc. 4). Also, as mentioned, we shall recommend that the Court, in its discretion, grant Plaintiff's *in forma pauperis* Motion.

Because we will recommend that Plaintiff's Motion to Proceed *in forma pauperis* be granted, we are obliged to screen Plaintiff's pleading under 28 U.S.C. §1915(e) even though he does not complain about prison conditions at MCCF. As the Court stated in *O'Connell v. Sobina*, 2008 WL 144199, *6 (W.D. Pa.), "Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief against a Defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)."

In *Palencar v. Cobler Realty Advisors*, Civil No. 09-0325, M.D. Pa., 7-24-09 slip op. pp. 5-6, the Court stated:

> Once it has been decided that a plaintiff should be accorded *in forma pauperis* status, the court then considers whether the complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Douris v. Huff*, 2008 U.S. App. LEXIS 467, 469 (3d Cir. 2007); *see also Douris v. Newtown Borough, Inc.* 207 Fed.Appx. 242 (3d Cir. 2006). Section 1915(e)(2) provides:
> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal  - -
>         (i)    is frivolous or malicious;
>         (ii)    fails to state a claim on which relief may be granted; or
>         (iii)    seeks monetary relief against a defendant who is immune from such relief.
>
> 28 U.S.C. § 1915(e)(2). This statute "is designed largely to discourage the filing of, and waste of, judicial and private resources upon baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (stating that "[dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints"). While the original statute permitted sua sponte dismissal only if an action was frivolous or malicious, Congress included failure to state a claim and seeking monetary relief from a defendant immune from suit as additional grounds for sua sponte dismissal of *in forma pauperis* cases. *Jones v. Bock*, 127 S.Ct. 910, 920, 166 L.Ed.2d 798 (2007); § 1915(e)(2)(B) (2000 ed.); 28 U.S.C. § 1915(d)( (1994 ed.).

*See also Wright v. Loftus*, Civil No. 09-1305, M.D. Pa., 11-20-09 Memorandum, p. 4; *Klatch-Maynard v. ENT Surgical Associates*, Civil No.  09-1963, M.D. Pa.

Thus, § 1915(e) obligates the Court to engage in a screening process when a person wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See McCain v. Episcopal Hosp.*, 350 Fed.Appx. at 604. Section 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners. *See Grayson v. Mayview State Hosp.*, 293 F3d 103, 110, n. 10 (3d Cir. 2002); *Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000); *Williams v. Marino,* Civil No. 03-0632, M.D. Pa. January 12, 2004, Memorandum and Order, p. 4.

The Court uses the same standard to screen a complaint as it does for a 12(b)(6) motion to dismiss. *See Sobina*, 2008 WL 144199, at *3; *Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.).

### III. Motion to Dismiss Standard.

In *Reisinger v. Luzerne County*, 712 F. Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.'" *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir. 2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
> *Fowler,* 578 F.3d at 210-11.
>
> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " Guirguis v. Movers Specialty Services, Inc., No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

## IV.  Allegations of Complaint.

In his Complaint, Plaintiff Brown alleges that he has been incarcerated at the Monroe County Correctional Facility since November 9, 2011, which is more than 180 days without having his trial on the criminal charges filed against him. (Doc. 1, p. 1).[2] Plaintiff further states that he petitioned the Monroe County Court of Common Pleas for action pursuant to Pa. R. Crim. P. 600, which he says provides that "no person shall be incarcerated over 180 days without a trial." (Doc.

---

[2]Plaintiff's Monroe County Criminal Docket for case number CP-45-CR-0000060-2012 at http://ujsportal.pacourts.us/, indicates that Plaintiff was arrested and charged with several offenses, including 6 counts of aggravated assault and resisting arrest, on November 9, 2011.

1, pp. 1-2).³   Plaintiff states that the Monroe County Court of Common Pleas did not grant him relief.   Plaintiff alleges that his prolonged incarceration in excess of 180 days without a trial violates his  right to a speedy trial under Pennsylvania law and constitutes cruel and unusual punishment "as month after month goes by and he dosen't (sic) know what is going to happen regarding his future." Plaintiff avers that this is a punishment barred by the "U.S.C. [and] the Constitution." (Doc. 1, pp. 1-2).⁴

As relief, Plaintiff requests: (1) a dismissal of the charges against him in his pending Monroe County criminal case and; (2) monetary relief for pain and suffering and, undue duress. (Doc. 1, p. 2). To the extent Plaintiff seeks money damages for pain and suffering from Defendant, we find that he is precluded under 42 U.S.C. §1997e(e) since he does not allege any physical harm Defendant caused him.  *See Allah v. Al-Hafeez*, 226 F. 3d 247, 251 (3d Cir. 2000); *Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003)*; Kantamanto v. King*, 651 F. Supp. 2d 313, 320, n. 1 (E.D. Pa. 2009)(inmate cannot obtain compensatory damages for pain and suffering in civil rights action since he did not allege any  physical injury).  Thus, we recommended that Plaintiff's claim for money

---

³The text of the cited Pennsylvania Rule of Criminal Procedure reads: "No defendant shall be held in pre-trial incarceration on a given case for a period exceeding 180 days..." (Pa. R. Crim. P. 600(E)).

⁴We note that to the extent Plaintiff claims in his Complaint that his present confinement at MCCF is illegal, Plaintiff's challenge to the length of his confinement at MCCF is barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), until he can show that any Monroe County conviction and sentence he may receive after trial has been invalidated or overturned *via* state court appeals or petitions for writ of habeas corpus pursuant to 28 U.S.C. §2254.   *See Murphy v. Bloom*, 443 Fed.Appx. 668, 669 (3d Cir. 2011).  The *Heck* favorable termination rule applies to §1983 civil rights actions.  *Id*. at 669, n. 2.  As stated, the Monroe County Criminal Docket indicates that Plaintiff has not yet had his trial in his pending Monroe County criminal case.

damages for pain and suffering against Defendant be dismissed with prejudice.

**V.  Section 1983 Standard.**

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.). Further, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[5]  *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Phillips v. Miller*, 2010 WL 771793, *2 (M.D. Pa.).

In *Kalomiris v. Monroe County Syndicate*, 2009 WL 73785, *6 (M.D. Pa.), the Court stated:

> Section 1983 is not a source of substantive rights, but merely a method to vindicate violations of federal  law committed by state actors.  *Kneipp v. Tedder,* 95 F.3d 1199, 1204 (3d Cir.1996). To establish a claim under this section, the plaintiff must  show a deprivation of a "right secured by the Constitution and the laws of the United States ... by a person acting under  color of state law." *Id*. (quoting *Mark v. Borough of Hatboro,* 51 F.3d 1137, 1141 (3d Cir. 1995))

*See Pitchfork v. Bor. of Munhall*, 631 F. Supp. 2d 636, 651-52 (W.D. Pa. 2007); *Holmes v. Dreyer*, 2010 WL 3791360, *2 (E.D. Pa. 9-28-10); *Brookhart v. Rohr*, 385 Fed. Appx. 67, 69 (3d Cir. 2010) (per curiam).

---

[5] In his Complaint, Plaintiff only names the Monroe County Court as the Defendant.  As discussed below, the County Court is not a person for purposes of a §1983 action.  *See Slewion v. Court of Common Pleas Phila. County*, 403 Fed.Appx. 727, 729 (3d Cir. 2010).

**VI. Discussion.**

We find that Plaintiff's Complaint is subject to dismissal since: (1) a federal court should not intervene in a pending criminal state action and dismiss the charges and; (2) Defendant Monroe County Court of Common Pleas is not a proper Defendant in this §1983 action.

As noted above, to the extent Plaintiff claims that his present confinement at MCCF is illegal and, to the extent he challenges the length of his confinement in MCCF and seeks his immediate release, Plaintiff must file a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Defoy v. McCullough*, 393 F.3d 439, 441-442 (3d Cir. 2005); *McGee v. Martinez*, 627 F.3d 933, 936 (3d Cir. 2010). The Supreme Court has held that a civil rights action is a proper remedy for a prisoner who claims that his conditions of confinement violate the Constitution, but is not challenging the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). *See also Boykin v. Siena House Gaudenzia Program*, 464 F.Supp.2d 416, 424 (M.D. Pa. 2006) ("...it is well-settled that prisoners cannot use § 1983 to challenge the fact or duration of their confinement or to seek immediate or speedier release") (citing *Preiser*, 411 U.S. at 499).

Insofar as Plaintiff attacks his continued confinement in MCCF as illegal in violation of the 180-day Pennsylvania speedy trial rule and insofar as he implicates relief that may alter the term of his confinement in MCCF, Plaintiff must file a § 2254 habeas petition after exhausting his state court remedies. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam); *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002); *McGee, supra*. The Third Circuit has held that an action lies in habeas if granting the petition "would 'necessarily imply' a change to the fact, duration, or execution of the Petitioner's sentence." *Ryan v. U.S.*, 2011 WL 681090, *1-*2 (3d Cir. 2-28-11)

(citing *McGee, supra*).[6]

Furthermore, regarding Plaintiff's claim for monetary relief, the United States Supreme Court has held that until a plaintiff-inmate can show that any conviction and sentence he may receive as a result of his challenged incarceration has been invalidated or overturned *via* state court appeals or a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, he cannot recover damages stemming from his challenged imprisonment. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In *Heck*, the Supreme Court stated:

> A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487. *See also Murphy v. Bloom*, 443 Fed.Appx. 668, 669 (3d Cir. 2011).

The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless it would be futile or inequitable to Defendants. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). Based on the above, we shall recommend that the Court dismiss Plaintiff's § 1983 claim challenging the duration of his pre-trial confinement at MCCF with prejudice because we find it would be futile for the Court to grant

---

[6]We note that Plaintiff's claim asserting a violation of Pa.R.Crim.P. 600 is not a cognizable claim in a federal habeas case. *See Wells v. Petsock,* 941 F.2d 253, 256 (3d Cir. 1991) *cert. denied,* 505 U.S. 1223 (1992). Also, we note that a violation of Pa.R.Crim.P. 600 "does not necessarily amount to a violation of the federal constitutional right to a speedy trial." *Hannibal v. PA*, 2009 WL 961496, *4 (E.D. Pa. 4-7-09) (citing *Wells v. Petsock,* 941 F.2d at 256).

Plaintiff leave to file an amended complaint.

As the only Defendant, Plaintiff names the Monroe County Court of Common Pleas. (Doc. 1, p. 1). The law is well-settled that a county court is not a "person" that is subject to suit under § 1983. *See Slewion v. Court of Common Pleas Phila. County*, 403 Fed.Appx. at 729. Defendant Monroe County Court of Common Pleas is also entitled to Eleventh Amendment immunity. *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005); *Keisling v. Renn*, 425 Fed.Appx. 106, 109 (3d Cir. 2011). Plaintiff does not contend that Defendant Monroe County Court of Common Pleas has waived its immunity or consented to his action. Further, Pennsylvania has not waived its Eleventh Amendment immunity. *Keisling v. Renn*, 425 Fed.Appx. at 109. Thus, we will recommend that Plaintiff's claims against Defendant Monroe County Court of Common Pleas be dismissed with prejudice since any amendment with respect to this Defendant is futile. *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008); *Keisling v. Renn*, 425 Fed.Appx. at 109.

As mentioned, we find that Plaintiff's claims against Defendant Monroe County Court of Common Pleas are barred under the Eleventh Amendment. Defendant Monroe County Court of Common Pleas falls under the Unified Judicial System of Pennsylvania pursuant to 42 Pa.C.S.A. § 301(4). *See Dougherty v. Snyder*, 2011 WL 1871226, *13 (M.D. Pa.).

In *Van Tassel v. Lawrence County Domestic Relations Section*, 659 F.Supp. 2d 672, 694-695 (W.D. Pa. 2009), the court held:

> A state is deemed to be the real party in interest when a lawsuit is brought against an agency that is considered to be an "arm" of the state. See *Regents of Univ. Of Cal. v. Doe,* 519 U.S. 425, 430, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997); *Benn,* 426 F.3d at 241. The United States Court of Appeals for the Third Circuit has recognized that "[t]he Commonwealth vests judicial power in a unified judicial system, and all courts and agencies of the [unified judicial

system] are part of the Commonwealth government rather than local entities." *Haybarger,* 551 F.3d at 198 (3d Cir.2008) (citing *Benn,* 426 F.3d at 240-41 and Pa. Const. art. V, § 1). Moreover, "all components of the judicial branch of the Pennsylvania government are state entities and thus are not persons for section 1983 purposes." *Callahan v. City of Philadelphia,* 207 F.3d 668, 674 (3d Cir.2000).

We find that Plaintiff cannot proceed with respect to his claims against Monroe County Court of Common Pleas because they are barred under the Eleventh Amendment. *See Slewion v. Court of Common Pleas Phila. County*, 403 Fed.Appx. at 729; *Keisling v. Renn*, 425 Fed.Appx. at 109. Based on *MCI Telecom. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 502 (3d Cir. 2001), because Defendant Monroe County Court of Common Pleas is an arm of the Commonwealth of Pennsylvania, this Court's jurisdiction over Defendant is barred by the Eleventh Amendment of the United States Constitution, and any and all claims against it are subject to dismissal.

In *Democracy Rising PA v. Celluci*, 603 F. Supp. 2d 780, 795 (M.D. Pa. 2009), this Court held that:

> The Eleventh Amendment precludes private federal litigation against a state and its agencies. n16 *Hans v. Louisiana*, 134 U.S. 1, 15-16, 10 S. Ct. 504, 33 L. Ed. 842 (1890); *see also Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-73, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000); *Lombardo v. Pennsylvania*, 540 F.3d 190, 194-95 (3d Cir. 2008). This is a jurisdictional bar subject to only two exceptions: (1) Congress may specifically abrogate a state's sovereign immunity by exercising its enforcement power under the Fourteenth Amendment, or (2) a state may waive its sovereign immunity by consenting to suit. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999); *Koslow v. Pennsylvania*, 302 F.3d 161, 168 (3d Cir. 2002). It is well settled that Congress had no intention to abrogate the states' sovereign immunity by enacting § 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). Furthermore, Pennsylvania has unequivocally withheld its consent to such suits. See 42 PA. CONS. STAT. § 8521(b); *see also Lombardo*, 540 F.3d at 196 n.3; *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981).

*See also Urella v. PA State Troopers Ass'n*, 2008 WL 1944069, *3 (E.D. Pa.).

Thus, we find that Plaintiff's claims against Defendant Monroe County Court of Common Pleas are barred by the Eleventh Amendment and that this Defendant is not a "person" under § 1983. *See Democracy Rising PA v. Celluci*, *supra*; *Slewion v. Court of Common Pleas Phila. County*, 403 Fed.Appx. at 729; *Van Tassel v. Lawrence County Domestic Relations Section, supra*.

Based upon the above, we find that the Court should not allow Plaintiff to amend his claims against Defendant Monroe County Court of Common Pleas because it is not a proper Defendant in this action, and because this Defendant is immune from his claims against it by the Eleventh Amendment. Thus, we find it would be futile to permit Plaintiff to file an amendment as to this Defendant. Accordingly, we will recommend that this Court dismiss Plaintiff's claims against Defendant Monroe County Court of Common Pleas with prejudice.

We also find that Plaintiff has adequate state court remedies to seek expediency in the pending criminal case against him in Monroe County. Additionally, we find that insofar as Plaintiff is seeking to challenge the December 8, 2011 decision of Defendant Monroe County Court of Common Pleas to set his bail pending trial at $25,000 monetary and any decision rendered by the County Court at Plaintiff's May 21, 2012 Bail Reduction Hearing, this District Court lacks jurisdiction over these matters under the *Rooker-Feldman* doctrine. *Slewion v. Court of Common Pleas Phila. County*, 403 Fed.Appx. at 729(citations omitted).

Accordingly, we will recommend that Plaintiff's Complaint be dismissed with prejudice as against Defendant Monroe County Court of Common Pleas for the aforementioned reasons. We also recommend a finding that any amendment of Plaintiff's Complaint be deemed futile based

on the above discussion and cited cases.

## VII. Recommendation.

Based on the above, it is respectfully recommended that Plaintiff's Complaint **(Doc. 1)** be dismissed with prejudice as against Defendant Monroe County Court of Common Pleas with respect to all of Plaintiff's claims.[7] It is also recommended that Plaintiff's Motion to Proceed *in forma pauperis* **(Docs. 4)** be granted solely for the purpose of filing this action.


    s/ Thomas M. Blewitt  
**THOMAS M. BLEWITT**  
**United States Magistrate Judge**

**Dated: June 27, 2012**

---

[7] Pursuant to our above discussion, we find futility of any amendment of Plaintiff's claims against Defendant Monroe County Court of Common Pleas, and we shall not recommend that Plaintiff be granted leave to amend his pleading with respect to any claim. *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F. 3d 229, 235 (3d Cir. 2004).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOWARD BROWN, | : | CIVIL ACTION NO. **3:CV-12-0999** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| MONROE COUNTY COURT OF COMMON PLEAS, | : | |
| Defendant | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 27, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis

of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                            **s/ Thomas M. Blewitt**
                                            **THOMAS M. BLEWITT**
                                            **United States Magistrate Judge**

**Dated: June 27, 2012**